UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KURT FRIEDRICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 3:10cv529 |
| ) | |
| MENARD, INC., ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

This matter is before the court on a motion for summary judgment filed by the defendant, Menard, Inc. ("Menard"), on July 11, 2012. The plaintiff, Kurt Friedrich ("Friedrich"), filed his response on September 10, 2012, to which Menard replied on September 24, 2012.

Also before the court are two motions to strike evidence, both filed by Menard on September 25, 2012. Friedrich has declined to file a response to these motions.

For the following reasons, all of the motions will be granted.

Summary Judgment

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Not every dispute between the parties precludes summary judgment, however, since "[o]nly disputes over facts that might affect the outcome of the suit under the governing law" warrant a trial. Id. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in

that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

Discussion

The following facts are allegations or assertions of Friedrich as stated in either his Complaint or during his deposition. For purposes of the pending motion for summary judgment, Menard does not dispute these facts.

Friedrich alleges that, on or about December 4, 2008, he slipped in the parking lot of the Menard retail establishment located at 5260 South Franklin Street in Michigan City, Indiana, as a result of the negligence of the defendant, Menard. On this date, Friedrich and his employee, James Carlson, ate an early lunch at Buffalo Wild Wings, before Friedrich drove his pickup truck to the Menard's location in Michigan City, Indiana. Friedrich believes these events transpired sometime between 10:00 a.m. and 1:00 p.m.

Friedrich drove into the Menard's parking lot, parking approximately twelve to fifteen parking spaces from the building, on the north side of the lot. Rather than backing into the space, the plaintiff pulled forward, parked and exited his vehicle from the driver's side, before walking into the store. On his way into the store, Friedrich recalls that the parking lot was plowed and that he did not observe any snow or ice on the path between his vehicle and the front door of the store. Additionally, Friedrich found that the "general vicinity by the front door... appeared to be pretty clear." (Friedrich Dep. at 78:8-9.) After conducting business inside of the store, Friedrich left the store and returned to his vehicle.

Friedrich's testimony relative to the location of his vehicle within the parking lot and his path from the door to his vehicle, as demonstrated by a drawing made during the his deposition, indicates that his truck was facing toward the north, as he marked an "x" where he fell, "toward the rear" of the truck. Friedrich Dep. at 23:11-18; 61:21-24. Moreover, Friedrich's drawing demonstrates that he had a clear and direct path from the doorway to his vehicle, upon exiting the building, such that the logical approach would be to pass behind the truck in an attempt to reach the driver's side door. Upon approaching his vehicle, Friedrich walked toward his driver's side door, via this path around the back of the truck, before allegedly falling. Friedrich does not think that there were "any issues in [his] direct vicinity", as he was not parked "that far from the door." Friedrich Dep at 77: 19-21. Friedrich's employee, James Carlson, believes that Friedrich fell when he was located toward the driver's side of the truck, near the back driver's side wheel. Friedrich Dep. at 63:5-6; Carlson Dep. at 44:10-20.

Friedrich then rose from the ground and sat on the driver's side seat of his truck. It is believed that Friedrich returned to the store and reported the incident. Friedrich Dep. at 86:15-23.When Friedrich exited the store for the second time, after filling out the incident report, he did not conduct any independent investigation around his vehicle. Friedrich Dep. at 86:15-25; 87:1-6. When asked to identify the cause of his fall, Friedrich advised that he slipped on something, but did not know what it was, other than "something slick". Friedrich Dep. at 88:6-19. Carlson was located on the passenger's side of the vehicle during the fall and did not observe anything other than Friedrich temporarily disappearing from view. Carlson Dep. 44:3-9; 45:9-16; 46:23-24.

Menard argues that summary judgment should be granted because Friedrich's claim for

3

negligence fails as a matter of law since he cannot identify the defect which allegedly caused him to fall. "Negligence cannot be inferred from the mere fact of an accident, absent special circumstances." *Hale v. Cmty. Hosp. of Indianapolis, Inc.*, 567 N.E.2d 842, 843 (Ind. Ct. App. 1991). Menard points out that Friedrich has verifiably and consistently testified that he did not, and does not, know the cause of his alleged fall. Friedrich Dep at 88:6-19; Friedrich's Supplemental Response to Defendant's Interrogatory 21. Thus Menard concludes that there exists no genuine issue of material fact that would allow for a factual finding of anything more than a "mere...accident," entitling Menard to summary judgment as a matter of law.

The Indiana Court of Appeals has addressed this issue in several cases, including *Hayden v. Paragon Steakhouse*. 731 N.E.2d 456, 457 (Ind. Ct. App. 2000). The designated facts of *Hayden* showed that the plaintiff was dining at a restaurant on a winter evening and, upon departing the restaurant, fell and broke his wrist. *Id*. at 457. Believing that he had slipped on ice or snow, the plaintiff sued the restaurant. *Id*. However, in his deposition, the plaintiff testified that he did not see any snow on the pavement where he fell, that he did not know whether it was icy in the area and that he did not remember the pavement being slippery prior to his fall. *Id*. at 458. Instead, the plaintiff testified that he suspected that he slipped on something but admitted that he did not know "for sure" what caused his fall. *Id*. at 458. The Court emphasized that, "[m]ost telling is James' answer to these questions:

> Q: Do you have any other facts that support your belief that this was what you call
> black ice?
>
> A: None other than the fact that my feet went out from underneath me and I went up in the air and fell down.
>
> Q: Do you have any idea what-strike that. Do you have any idea what your feet

4

slipped in that caused you to fall?

. . .

A: I don't know for sure."

*Id.* Based on this testimony, the Indiana Court of Appeals affirmed the trial court's decision to grant summary judgment on the basis that "absent some factual evidence, negligence cannot be inferred from the mere fact of an accident, and causation may not be inferred merely from the existence of an allegedly negligent condition." *Id.* Thus, in *Hayden*, the plaintiff's reliance on speculation and conjecture to explain the proximate cause of his injury was not sufficient to meet the plaintiff's burden and the defendant was entitled to judgment as a matter of law. *Id.* at 459.

Similarly, in *Midwest Commerce Banking Co. v. Livings*, the defendant was granted summary judgment when the plaintiff failed to provide evidence on the cause of her injury. 608 N.E.2d 1010, 1011 (Ind. Ct. App. 1993). The designated facts of *Midwest* showed that the plaintiff was walking toward a bank teller, around the end of queuing ropes suspended by movable posts, when she fell, slamming into the teller counter and injuring her leg and shoulder. *Id.* The cause of the plaintiff's fall was uncertain, though she speculated that she may have tripped on the carpet or may have been pushed by another customer. *Id.* at 1012. The bank's motion for summary judgment was denied at the trial court level but, on appeal, the Indiana Court of Appeals reversed. *Id.* The Court found that the plaintiff did not know what caused her fall and that, absent factual evidence, negligence could not be inferred from the mere fact of an accident. *Id.* at 1013.

Menard argues that, as in *Hayden* and *Midwest*, Friedrich, based on his sworn Interrogatory Answers and deposition testimony, rests his case on nothing more than

"speculation or conjecture," from which not even an inference of negligence can reasonably be gleaned. *Midwest*, 608 N.E.2d at 1012. Menard points out that Friedrich testified that the path between his vehicle and the store was clear on his way to and from the same, with the exception of "something slick" that he encountered near his truck on the return trip from the store to his vehicle. Specifically, in Friedrich's Supplemental Answer to Menard's Interrogatory No. 21, Friedrich stated that he was, "not sure," what he slipped on and that he, "did not see the substance before" he allegedly fell and "did not look at it after" he allegedly fell. Thus, Friedrich's supplemental response fails to identify the cause of his fall, instead speculating that the same may have been caused by "something slick."

Menard further points out that Friedrich, in his deposition, confirmed that he was unsure of the cause of his fall and that he did not see any snow or ice in the parking lot relative to his pathway at any time before the alleged occurrence:

> Q. Okay. Was there any snow in the parking lot?
>
> A. Not to my recollection, no.
>
> Q. Okay. Was there any ice in the parking lot?
>
> A. Not to my recollection.

Friedrich Dep. at 58:24-25; 59:1-2.

Specifically, Friedrich testified that the general vicinity was clear of snow and/or ice, and that nothing in his path gave him any cause for concern:

> Q. There's snow and ice here, there's snow and ice there, you see it as you're driving.
>
> A. Right. Right.
>
> Q. Right?

6

>A. In that general vicinity by the front door though appeared to be pretty clear.
>
>Q. Okay.
>
>A. Like I said, off in the background, you're right, but I was so close to the building.
>
>Q. So nothing from the truck to the building, and the building to the truck, gave you any cause for concern?
>
>A. No.

Friedrich Dep. at 78:4-16.

. . . .

>A. - - but I don't think there was any issues in my direct vicinity. I wasn't that far from the front door.

Friedrich Dep. at 77:19-21.

Additionally, though he had the opportunity to inspect the area of his alleged fall both after allegedly falling and on his way back to his vehicle after reporting the alleged incident, Friedrich failed to examine the surface of the parking lot for any defect. Rather, Friedrich continued home, recounting the same, as follows:

>Q. – so the second time, did you do any independent investigation –
>
>A. No –
>
>Q. – around your vehicle?
>
>A. – I just wanted to go home. I was –
>
>Q. Okay. So you didn't look and say hey, what was that?
>
>A. No, I did not.

*Id.* at 86:24-25; 87:1-6.

Finally, Friedrich could not identify the cause of his alleged slip and fall, beyond stating the

following:

> Q. Okay. Let me ask you this: Do you think it would be a fair and accurate statement to say that you slipped on something, but you do not know for sure what it was?
>
> A. Yeah.
>
> Q. Okay. And it would also be an accurate statement to say that you don't know for sure what caused your fall?
>
> A. Oh, I know what caused it.
>
> Q. Okay. What caused it?
>
> A. I hit something slick.
>
> Q. Okay. It was a slippery substance, that's the most you can give me?
>
> A. That's all I can give you, yeah.

*Id*. at 88:6-19.

Menard argues that because Friedrich is unable to identify the cause of his fall, any injury amounts to a "mere...accident" and Menard should be entitled to judgment as a matter of law. This court agrees with Menard that because negligence cannot be inferred from the mere fact of an accident, Friedrich has not provided factual evidence to support his claim. Rather, Friedrich has indicated that his path was clear of snow and ice, that he did not see snow and ice upon the parking lot relative to his path of travel, and that he did not look down to determine the cause of his alleged fall.

Friedrich has attempted to salvage his claim by introducing evidence that the weather history for Valparaiso, Indiana for December 3, 2008 indicates that there was light snow the evening before Friedrich's fall. As Friedrich testified that he did not see any salt pellets on his way into the store, he now argues that a question of fact exists regarding whether the parking lot

was properly cleared. Even assuming that the weather report for Valparaiso, Indiana is relevant to a fall that occurred in Michigan City, Indiana, Friedrich's deposition testimony definitively states that he did not see any "issues" in his direct vicinity as he walked from his truck to the store. Friedrich Dep. at 58-59.

Friedrich also argues that when he was seeking medical treatment after his fall he indicated that the cause of his fall was slipping on ice. Friedrich has submitted his medical record and his affidavit as evidence of this statement. Menard, however, has moved to strike both Friedrich's medical record and his affidavit.

Menard argues that the medical record contains out-of-court statements offered to prove the truth of the matter asserted, in violation of Rule 802 of the Federal Rules of Evidence. Although Rule 803(4) of the Federal Rules of Evidence provides for an exception to the hearsay rule, in order to be excepted, a medical record must: (1) be made for, and be reasonably pertinent to, medical diagnosis or treatment; and (2) describe medical history; past or present symptoms or sensations; their inception; or their general cause. When considering whether medical records constitute an exception to the hearsay rule, federal courts are clear that, "by its own terms Rule 803(4) does not exclude from the hearsay rule statements relating to fault which are not relevant to diagnosis or treatment." *Cook v. Hoppin*, 783 F.2d 684, 690 (7th Cir. 1986).

The test, when examining whether statements contained in medical records relating to the cause of an injury are admissible hearsay, is "whether such statements are of the type reasonably pertinent to a physician in providing treatment." *Id*. In *Cook*, the plaintiff, who sustained injuries when an apartment stairway collapsed, brought a claim against the owner of the apartment complex. After receiving an adverse verdict, the plaintiff appealed, contending that

9

certain statements contained in his hospital records, indicating that he had been injured "while engaged in a shoving or wrestling match," were inadmissible hearsay not subject to the hearsay rule. Agreeing with the plaintiff, the Seventh Circuit Court of Appeals found compelling that statements relating to an alleged wrestling match "were not of the type medical personnel generally rely on in making a diagnosis and providing treatment," and "[the defendant] presented no evidence to rebut this assertion." *Id*. Thus, in the present case, Menard argues that Friedrich's medical record contains impermissible hearsay statements because the presence or absence of ice was not relevant to the diagnosis or treatment of his injury, and does not meet the medical record exception of Rule 803(4). This court agrees with Menard that the medical record exception does not apply, and thus the medical record in question is inadmissible hearsay and will be stricken.

Menard has further argued that the medical record is also inadmissible as a business record. Although Rule 803(6) provides for an exception to the hearsay rule for records of a regularly conducted activity, Friedrich has failed to provide any foundation for admission of the medical record. In order to fall under the exception to the hearsay rule, a record of a regularly conducted activity must: (1) be made at or near the time by or from information transmitted by someone with knowledge; (2) be kept in the course of regularly conducted activity; (3) be made as a regular practice of the activity; (4) show this foundation by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (5) not derive from a source or circumstance of preparation that indicate a lack of trustworthiness. As Menard points out, Friedrich has failed to provide the proper foundation for any of the foundational requisites of a record of a regularly conducted activity. Thus, the medical record is inadmissible hearsay for this reason also.

With respect to Friedrich's affidavit, where he states that he informed Dr. Chawla at the Franklin Clinic that he slipped on ice in a parking lot, and that there was snow and ice in the parking lot, Menard argues that the affidavit should be stricken. Menard reiterates that Friedrich acknowledged in his deposition that there was no snow or ice in the parking lot at the time of his fall. Menard notes that Friedrich's affidavit is directly contrary to his prior testimony and argues that it should not be considered. The law is clear that "parties cannot thwart the purpose of Rule 56 by creating issues of fact through affidavits that contradict their own depositions." *Miller v. A.H. Robins Co., Inc.*, 766 F.2d 1102, 1104 (7th Cir. 1985). Accordingly, Friedrich's affidavit will be stricken.

Friedrich has argued that there is an issue of material fact regarding whether Menard had actual or constructive knowledge of the alleged defect (i.e., snow and ice on the parking lot). Again, however, Menard points out that Friedrich has failed to present any admissible evidence that snow fell in Michigan City, Indiana on or about the date that Friedrich fell. In any event, as noted several times above, Friedrich stated in his deposition that he did not recall there being any snow or ice in the parking lot at the time of his fall. Consequently, there is no issue of fact regarding actual or constructive knowledge of the alleged defect, and thus there is no basis to deny summary judgment.

Conclusion

On the basis of the foregoing, Menard's motion for summary judgment [DE 37] is hereby GRANTED. Further, Menard's motion to strike affidavit [DE 49], and motion to strike medical

record [DE 50], are both hereby GRANTED.

Entered: November 28, 2012.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court.